NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 28 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANGEL ALMANZA-ADAME I,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-4117

Agency No.
A208-612-256

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 21, 2025**
Pasadena, California

Before: CLIFTON, BYBEE, and DE ALBA, Circuit Judges.

Angel Almanza-Adame, a native and citizen of Mexico, petitions for review

of a decision of the Board of Immigration Appeals ("BIA"). The BIA dismissed

Almanza-Adame's appeal from an Immigration Judge's ("IJ") denial of his

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

We review the agency's denials of the requested relief under the substantial evidence standard. The agency's denials are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022) (quoting 8 U.S.C. § 1252(b)(4)(B)). We deny Almanza-Adame's petition.

1.      Substantial evidence supported the agency's determination that Almanza-Adame was ineligible for asylum and withholding of removal because he failed to demonstrate the requisite nexus between his fear of persecution and a protected ground. 8 U.S.C. § 1158(b)(1)(B)(i).

Almanza-Adame asserts that the harms his extended family members have suffered at the hands of unidentified criminals were sufficient to show his own past persecution and his well-founded fear of future persecution. He seeks asylum and withholding of removal based upon his membership in the particular social groups of "family members of Angel Almanza Adame" and "immediate family members of Angel Almanza Adame."

Almanza-Adame's argument fails because the past harms inflicted on his family members were not directed at or otherwise closely tied to him. Harm to family members can support claims of past persecution or a well-founded fear of

future persecution, but the harms must have been "closely tied to" the applicant. *Arriaga-Barrientos v. I.N.S*, 937 F.2d 411, 414 (9th Cir. 1991); *see also Sumolang v. Holder*, 723 F.3d 1080, 1084 (9th Cir. 2013) (granting petition in part where record showed that harms inflicted on infant daughter were "designed to send a message" to petitioner mother). In other words, the persecution must have been "on account of" membership in the family group. *See Jie Lin v. Ashcroft*, 377 F.3d 1014, 1029 (9th Cir. 2004) (granting petition where record showed that "the Chinese government was inclined to go to extraordinary lengths to punish [petitioner's] family" and "it had identified him personally").

Almanza-Adame did not present any evidence to suggest that the harms his extended family suffered were in any way connected to him or motivated by animus towards the family as a whole. Rather, the record shows that Almanza-Adame had little to no contact with many of the relatives he identified and does not indicate that the crimes committed against them were related to him. Almanza-Adame testified that he could not remember the names of several of his relatives who were victimized. He expressed fear about returning to Mexico because of the high level of crime there, but did not offer any testimony that explained why his family in particular would be targeted. Nothing in the record compels us to reverse the BIA and IJ's determination that the harms in question were consistent with random crime motivated by greed or private vendettas and did not amount to

persecution of Almanza-Adame on account of his family membership. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

Because Almanza-Adame has not established eligibility for asylum, it follows that he has also failed to meet the standard required for withholding of removal. *Sowe v. Mukasey*, 538 F.3d 1281, 1288 (9th Cir. 2008).

2.      Almanza-Adame has waived review of the BIA and IJ's determination that he was not eligible for CAT protection by failing to raise the issue in his opening brief. Issues on appeal not discussed in the opening brief are deemed waived. *See Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259 (9th Cir. 1996).

**PETITION FOR REVIEW DENIED.**